IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND, | No. 2:20-CV-0715-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DEREK COX, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's complaint. See ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff, Joshua Bland, is an inmate currently incarcerated at CSP Corcoran. Plaintiff names the following defendants: (1) Derek Cox, Correctional Officer at High Desert State Prison, (2) State Department of Corrections and Rehabilitation, (3) High Desert State Prison, and (4) J. Quam, CC II at High Desert State Prison.

Plaintiff claims that defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights by interfering with his mail and stealing his personal property on March 29, 2019. Plaintiff alleges that the High Desert State Prison mailroom intercepted three explicit photographs on the grounds that they were contraband prohibited by CCR's Title 15 sections. Plaintiff claims that the mailroom confiscated the property because they are biased against plaintiff because he is a pedophile and a homosexual. Plaintiff also alleges that High Desert State Prison stole the three photographs without just cause or compensation. Plaintiff claims he suffered a loss of property, loss of funds, and fraud as a result of defendants' actions.

Plaintiff also claims that defendants violated his First, Fourth, Fifth, and Fourteenth Amendment rights by retaliating against him. On or around May 14, 2019, plaintiff alleges that Officer Cox read plaintiff's grievance response to the entire cell block and called plaintiff sexually inappropriate and other insulting names. Plaintiff's complaint does not clearly explain whether Officer Cox read the grievance response aloud due to his distaste for plaintiff's sexuality or as retaliation for plaintiff having filed a prison grievance. Plaintiff also claims that while he was hospitalized in June 2019, Officer Cox ransacked his cell and destroyed his hearing aid, postage stamps, and legal books. Plaintiff also alleges that defendants falsely accused him of "gassing" a police officer, which false allegation followed plaintiff filing a prison grievance.

Plaintiff also claims that on or around June 26th, 2019, Officer Cox accused plaintiff of purposefully biting his finger. Finally, plaintiff alleges that Officer Cox conspired with other officers at the Department of Corrections and Rehabilitation to oppress plaintiff because he is homosexual and a pedophile. Plaintiff claims he suffered fear, misery, extreme emotional distress, severe mental anguish, a broken lip, and permanent trauma to his right eye due to defendants' actions.

## II. DISCUSSION

The Court finds that plaintiff's claims fail in five respects. First, plaintiff cannot establish that the mailroom's confiscation of his contraband photographs violated his First, Fourth, Fifth, or Fourteenth Amendment rights. Second, § 1983 is not the appropriate vehicle of relief for plaintiff's claim that Officer Cox destroyed his personal property. Third, plaintiff has failed to allege a cognizable First Amendment violation because plaintiff's claims of defendants' false accusations do not establish the adverse conduct necessary for a retaliation claim. Fourth, plaintiff has failed to allege a cognizable First Amendment or Eighth Amendment claim against Officer Cox because plaintiff has not established that Cox's public recital of a grievance appeal was retaliatory or rose to the level of unusually gross verbal harassment. Fifth, plaintiff has failed to allege sufficient facts to support his claim that Officer Cox conspired with other officers to treat plaintiff differently because of his sexuality.

### A.     First, Fourth, Fifth, and Fourteenth Amendment Mailroom Claims

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974); see also Jones v. Williams, 791 F.3d 1023, 1035 (9th Cir. 2015); Clement v. Cal. Dep't. of Corr., 364 F.3d 1148, 1151 (9th Cir. 2004) (per curiam); Ashker v. Cal. Dep't of Corr., 350 F.3d 917, 922 (9th Cir. 2003); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A regulation that impinges on First Amendment rights "is valid if it is reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see also Beard v. Banks, 548 U.S. 521, 528 (2006); Overton v. Bazzetta, 539

1  U.S. 126, 132 (2003); Shaw v. Murphy, 532 U.S. 223, 229 (2001); Lewis v. Casey, 518 U.S. 343,
2  361 (1996); Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005); Ashker, 350 F.3d
3  at 922; Morrison v. Hall, 261 F.3d 896, 901 (9th Cir. 2001); Mauro v. Arpaio, 188 F.3d 1054,
4  1058 (9th Cir. 1999) (en banc). Prison officials do not need to show that there is no less restrictive
5  mail policy that could serve the same penological interests. See Thornburgh, 490 U.S. at 412;
6  Witherow, 52 F.3d at 265.

7         In light of security concerns, the Ninth Circuit has affirmed censorship of materials
8  containing role-playing or similar fantasy games, Bahrampour v. Lampert, 356 F.3d 969, 976 (9th
9  Cir. 2004); advocating anti-Semitic violence, see Stefanow v. McFadden, 103 F.3d 1466, 1472-75
10 (9th Cir. 1996), and materials from the North American Man/Boy Love Association, see Harper
11 v. Wallingford, 877 F.2d 728, 734 (9th Cir. 1989). In light of concerns about preventing the
12 sexual harassment of prison guards and other inmates, prison officials may prohibit receipt of
13 sexually explicit materials. See Bahrampour, 356 F.3d at 976; Frost v. Symington, 197 F.3d 348,
14 357 (9th Cir. 1999); Mauro, 188 F.3d at 1060.

15        Here, plaintiff cannot establish that the mailroom's interception of his photographs
16 amounted to First, Fourth, or Fifth Amendment constitutional violations. The Ninth Circuit has
17 held that prison bans on sexually explicit materials are reasonably related to legitimate
18 penological interests and therefore do not violate federal constitutional rights. See Bahrampour,
19 356 F.3d at 979. As a result, plaintiff was not entitled to receive sexually explicit photographs
20 while incarcerated and the photographs he received were subject to confiscation.

21        Further, plaintiff also cannot establish that the mailroom's confiscation of his
22 photographs amounted to a Fourteenth Amendment equal protection violation. Sexually explicit
23 photographs are banned regardless of the sexual content they display. Therefore, the specific
24 content of plaintiff's explicit photographs did not play a role in their confiscation and thus did not
25 discriminate against plaintiff.
26 ///
27 ///
28 ///

### B. Fifth Amendment Due Process Claim

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Where a prisoner alleges the deprivation of a liberty or property interest caused by the random and unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983 if the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984). A state's post-deprivation remedy may be adequate even though it does not provide relief identical to that available under § 1983. See Hudson, 468 U.S. at 531 n.11. A due process claim is not barred, however, where the deprivation is foreseeable and the state can therefore be reasonably expected to make pre-deprivation process available. See Zinermon, 494 U.S. at 136-39. An available state common law tort claim procedure to recover the value of property is an adequate remedy. See id. at 128-29.

Plaintiff cannot successfully establish a § 1983 due process claim because the state provides an adequate post-deprivation remedy. California's Tort Claims Act provides relief for prisoners who suffer a loss of property due to the wrongful acts of a state official. See CAL. GOVT CODE §844.6 (West 2013). Because plaintiff can recover under California law, § 1983 is not the appropriate vehicle for relief.

///

///

///

###     C.    First Amendment Retaliation Claims

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

####     1.    Plaintiff's Claims Regarding Defendants' False Accusations

Here, plaintiff fails to state a cognizable First Amendment retaliation claim because he has not established that defendants took adverse action against plaintiff for engaging in protected conduct. Plaintiff does not allege that he suffered any negative consequences due to defendants' accusations that plaintiff "gassed" a corrections officer and intentionally bit Officer Cox's finger. Plaintiff also does not allege that defendants took any further action beyond verbal accusations directed at plaintiff. There is generally no constitutionally recognized right to be free of verbal harassment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1987). Therefore, plaintiff has not established the presence of an adverse action necessary for a First Amendment retaliation claim.

///

///

///

        2.        <u>Plaintiff's Claim that Officer Cox Publicly Read his Appeal Response</u>

Here, plaintiff has failed to state a cognizable retaliation claim because he has not established that Officer Cox read the appeal aloud in retaliation for plaintiff exercising a constitutional right. Plaintiff's complaint does not make clear whether plaintiff alleges that Officer Cox read his appeal aloud because plaintiff had filed a prison grievance or because Officer Cox disliked his sexuality. See ECF No. 1, p. 5. Although plaintiff exercised a constitutional right by filing a prison grievance, plaintiff's status as a homosexual and a pedophile does not, in and of itself, amount to the exercise of a constitutional right. Thus, plaintiff has failed to establish a First Amendment retaliation claim against Officer Cox because he has not alleged sufficient facts to establish that Cox took adverse action as a result of the protected activity of filing a grievance, as opposed to some other unprotected conduct or status.

        **D.**        **Plaintiff's Eighth Amendment Verbal Harassment Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See <u>Farmer</u>, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See <u>id.</u>   Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." <u>Oltarzewski v. Ruggiero</u>, 830

1   F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996),

2   amended by 135 F.3d 1318 (9th Cir. 1998). In addition, the prisoner must show that the verbal

3   comments were unusually gross, even for a prison setting, and that he was in fact psychologically

4   damaged as a result of the comments. See Keenan, 83 F.3d at 1092.

5   Plaintiff's allegation that Officer Cox read his grievance appeal aloud and called

6   plaintiff insulting names appears to seek an Eighth Amendment verbal harassment claim.

7   Nevertheless, plaintiff has failed to establish a cognizable Eighth Amendment claim for verbal

8   harassment because he has not alleged that he suffered any sort of adverse consequences due to

9   Cox's actions or that Cox's comments were unusually gross. While plaintiff generally claims that

10  defendants' collective actions caused him extreme emotional suffering, he does not allege that

11  Cox's particular action caused any negative consequences for plaintiff. Further, plaintiff does not

12  elaborate on the contents of the appeal that Officer Cox read aloud. Plaintiff's general claim that

13  Cox read an appeal aloud does not establish that a verbal recital of the contents of the appeal was

14  unusually gross. Plaintiff's allegation that Cox called plaintiff "'sexually inappropriate' and

15  PREA violation type names" also does not rise to the level of unusually gross harassment

16  intended to cause psychological damage. See ECF No. 1, p. 5. Thus, plaintiff has failed to

17  establish that Cox's comments were unusually gross.

18              **E.     Fourteenth Amendment Equal Protection Claim**

19  "In determining whether a complaint states a claim, all allegations of material fact

20  are taken as true and construed in the light most favorable to the plaintiff." Barnett v. Centoni, 31

21  F.3d 813, 816 (9th Cir. 1994) (per curiam); see also Estelle v. Gamble, 429 U.S. 97, 99 (1976).

22  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

23  true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when

24  the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

25  defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

26  (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). In Twombly, the Supreme Court

27  held that the standard for stating a claim does not require the appearance, beyond a doubt, that

28  "no set of facts" would entitle the plaintiff to relief. 550 U.S. at 561-63. (abrogating Conley v.

Gibson, 355 U.S. 41 (1957), and adopting "plausibility" standard). The Court further explained in Twombly and Iqbal that conclusory statements that merely recite the elements of a claim are insufficient for the purpose of 12(b)(6). See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

The Court acknowledges that plaintiff attempts to bring a Fourteenth Amendment equal protection claim alleging that Officer Cox conspired with the other officers at the Department of Corrections to oppress plaintiff due to his sexual tendencies. However, plaintiff's conclusory statement fails to establish a cognizable Fourteenth Amendment violation. Plaintiff does not provide any specific facts or incidents to support his claim outside of stating that the officers practiced the "Green Wall's 'code of silence'". See ECF No. 1, p. 5. Plaintiff does not elaborate on what he means by the phrase, nor does he adequately explain how this "code of silence" was used to discriminate against plaintiff. Plaintiff has failed to establish that defendants intentionally discriminated against plaintiff and that the alleged discriminatory conduct did not have a legitimate penological purpose.

///

///

///

### III. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff now has the following choices: (1) plaintiff may file an amended complaint which does not allege the claims identified herein as incurable, in which case such claims will be deemed abandoned and the court will address the remaining claims; or (2) plaintiff may file an amended complaint which continues to allege claims identified as incurable, in which case the Court will issue findings and recommendations that such claims be dismissed from this action, as well as such other orders and/or findings and recommendations as may be necessary to address the remaining claims.

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See

1 | Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

2 | Accordingly, IT IS HEREBY ORDERED that:

3 | 1. Plaintiff's complaint is dismissed with leave to amend; and

4 | 2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order.

Dated: June 15, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE