IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND, | No. 2:20-CV-0715-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DEREK COX, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's first amended complaint. ECF No. 12. Several defects remain in the amended complaint. The Court grants Plaintiff further leave to amend.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

1

1  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
2  of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.
3  662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which
4  requires sufficient factual detail to allow the Court to reasonably infer that each named defendant
5  is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969
6  (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the
7  deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the
8  allegations "do not permit the court to infer more than the mere possibility of misconduct," the
9  complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise
10 legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

11 The Court must construe a pro se litigant's complaint liberally. See Haines v.
12 Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir.
13 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential
14 elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d
15 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).
16 The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff
17 can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho
18 Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS

20 Plaintiff names seventeen employees or officials of the California Department of
21 Corrections and Rehabilitation (CDCR) as defendants: (1) Derek Cox, (2) C. Reynolds, (3) L.
22 Rochay, (4) M. Courtney, (5) F. Rodriguez, (6) H. Von Rader, (7) C. Goforth, (8) Munoz, (9)
23 Anaya, (10) P. Rose, (11) Parker, (12) D. Neland, (13) J. Quam, (14) Jones, (15) W. Hume, (16)
24 M. Voong, (17). R. Diaz. Id. Cox, Reynolds, Rochay, Courtney, Rodriguez, Von Rader, Goforth,
25 Munoz, and Anaya are correctional officers at High Desert State Prison (HDSP). ECF No. 12 at 1–
26 2. Rose, Parker, and Neland are each employed in some capacity at HDSP. Id. Jones and Hume are
27 correctional officers at California Medical Facility (CMF). Is. Diaz is the former secretary of
28 CDCR. Id. Voong and Quam are appeals coordinators. Id. Quam specifically works at HDSP. Id.

2

Plaintiff's complaint is mostly vague, and his discrete claims lack significant detail. Id. at 3–12. He brings a varied assortment of claims under the First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. Id. at 3–12. See id. Plaintiff's claims jump forward and backward throughout 2019 and 2020, and the Court has here placed these allegations in what the Court has interpreted as the logical order of those allegations.

Plaintiff alleges that, around February 2019, Cox ransacked Plaintiff's cell while he was in the emergency room following a seizure. Id. at 3. Cox allegedly stole hearing aids, stamps, and law books. Id. A few weeks later, Goforth and Munoz falsely accused Plaintiff of "gassing" Goforth. Id. at 4. They fabricated a rules violation report accusing Plaintiff of battery on a peace officer. Id. Plaintiff contends that he has been denied property and injured by "slander, reprisal, criminal charges, [and] fraud." Id. Plaintiff contends that Cox, Goforth, and Munoz violated the Eighth, Ninth, and Fourteenth Amendments. Id.

Another few weeks later, around May 2019, Cox purportedly read aloud one of Plaintiff's grievances in front of other inmates. Id. at 6. Inmates threatened Plaintiff afterwards whenever he left his cell. Id. Cox allegedly read the grievance aloud out of retaliation for Plaintiff's filing of a grievance against him. Id. Plaintiff believes Cox thus violated the Eighth, Ninth, and Fourteenth Amendments. Id.

Plaintiff suffered another seizure in June 2019. Id. at 7. When he woke up, Rodriguez, Cox, Von Rader, and Anaya were assaulting him. Id. Reynolds, Rose, Parker, and Neland stood by and watched the assault. Id. They did not intervene. Id. Plaintiff received injuries to his eyes, lips, and teeth. Id. He suffers from agoraphobia and post-traumatic stress disorder. Id. Plaintiff sues under the Fourth, Fifth, Eight, Ninth, and Fourteenth Amendments. Id.

Plaintiff filed a grievance after he was assaulted. Id. at 8. He apparently received a notice saying a grievance appeal would be processed by mid-August 2019. Id. When it was not processed on time, Plaintiff filed a new grievance. Id. Quam allegedly rejected that grievance. Id. Plaintiff made other submissions, but no response came. Id. Although Plaintiff alleges First, Fifth, Ninth, and Fourteenth Amendment violations, he really appears to state he was denied due process. Id. He also contends that appeals coordinators made administrative remedies "disappear." Id.

Sometime following the first grievance filing, in July, Rocha allegedly falsely stated that Plaintiff had been assigned staff assistance for some sort of disciplinary proceeding. Id. at 5. Defendant Courtney allegedly fabricated a staff assistant's report. Id. Plaintiff was not able to collect evidence, call witnesses, or prepare for the disciplinary hearing. Id. As a result, Plaintiff lost 150 days of credit. Id. Plaintiff cites the Fifth, Ninth, and Fourteenth Amendments but again really appears to mean to raise a due process claim. See id.

Plaintiff had other disciplinary hearings in August 2019. Id. at 9. Defendant Hume supposedly denied Plaintiff the right to be present at hearings for allegedly biting Cox's finger and gassing Goforth. Id. Plaintiff was unable to call witnesses or present a defense. Id. Again citing multiple constitutional amendments, Plaintiff once more apparently seeks to just raise a due process claim. See id.

The following year, in April 2020, prison officials allegedly cancelled a grievance that Plaintiff filed. Id. at 10. CDCR denied the appeal as untimely. Id. Plaintiff contends, however, that a notice in the grievance falsely reflected that Defendant Jones delivered the violation report to Plaintiff a month earlier than he actually did (thus affecting the time period in which to challenge the grievance). Id. Plaintiff contends that he was denied due process but once more cites the First, Fifth, Ninth, and Fourteenth Amendments. Id.

Plaintiff alleges a further due process violation related to the administrative grievance process. Id. at 11. Voong allegedly would not accept administrative grievances, thus preventing Plaintiff from exhausting his remedies. Id. Plaintiff cites the First, Ninth, and Fourteenth Amendments. Id.

Finally, Plaintiff asserts that former Secretary Diaz knowingly, voluntarily, and intentionally housed Plaintiff in dangerous "zones" with inmates and officers who meant to do Plaintiff harm. Id. at 12. Plaintiff claims violation of the First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments. Id.

///

///

///

### III. DISCUSSION

Liberally construed, <u>for the purposes of screening</u>, Plaintiff's complaint states a few claims. Plaintiff states viable First and Eighth Amendment claims. To the extent Plaintiff may raise the First Amendment, Plaintiff's fourth claim states a cognizable First Amendment action for Cox's alleged retaliatory reading aloud of Plaintiff's grievance. That claim also raises an Eighth Amendment issue sufficient to pass screening. Plaintiff also states cognizable Eighth Amendment excessive force claims where he alleges that Rodriguez, Cox, Von Rader, and Anaya assaulted him, and that Reynolds, Rose, Parker, and Neland stood watching the assault. Plaintiff's other claims are defective. Insofar as Plaintiff alleges that Secretary Diaz was somehow personally and knowingly involved in housing Plaintiff in units that posed a risk of serious harm, he states an Eighth Amendment claim. At least for the limited purposes of screening, Plaintiff has also stated a due process claim related to the procedures (or alleged lack of procedural protections) employed at the alleged disciplinary proceedings. Finally, to the extent that the allegations of interference in the grievance procedure may be liberally construed as First Amendment claims, those claims are also cognizable at this early stage.

Plaintiff's viable claims notwithstanding, several claims are defective. Plaintiff also restates defective claims that the Court identified in its previous screening order. <u>See</u> ECF No. 11.

**A. The Fourth Amendment:**

The Fourth Amendment's applicability in prison context is narrower than outside of prison. <u>See, e.g.</u>, <u>United States v. Bare</u>, 806 F.3d 1011, 1018 n.4 (9th Cir. 2015); <u>Seaton v. Mayberg</u>, 610 F.3d 530, 534–45 (9th Cir. 2010); <u>Redick v. Sonora Police Dep't</u>, No. 1:21-cv-00287-NONE-SAB, 2021 WL 3516657, at *4 (E.D. Cal. Aug. 20, 2021). Prisoners, for example, have no right of privacy in their cells. <u>Hudson v. Palmer</u>, 468 U.S. 517, 525–26 (1984); <u>United States v. Brice</u>, 584 F. App'x 753, 754 (9th Cir. 2014).

Nevertheless, the Ninth Circuit has held that, more generally, the Fourth Amendment extends to prisoners. <u>Thompson v. Souza</u>, 111 F.3d 694, 699 (9th Cir. 1997). <u>Jackson v. CDCR</u>, No. 1:07–cv–01414–LJO–SMS PC, 2009 WL 256967, at *2 & n.1 (E.D. Cal. Feb. 3, 2009). Searches must be reasonable. <u>See, e.g.</u>, <u>Byrd v. Maricopa Cty. Sheriff's Dep't</u>, 629 F.3d at

1135, 1141 (9th Cir. 2011); Nunez v. Duncan, 591 F.3d 1217, 1227 (9th Cir. 2010); Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir. 1988); 2021 WL 3516657, at *4; Jackson, 2009 WL 256967, at *2. And prisoners retain other limited rights to privacy. For example, prisoners have limited rights to shield themselves from being observed nude, and against abusive strip searches or strip searches by individuals of the opposite sex. See, e.g., Bell v. Wolfish, 441 U.S. 520, 560 (1979); Byrd, 629 F.3d at 1141–42; Michenfelder, 860 F.2d at 331–34; Jacobs v. CDCR, No. 1:20-cv-00547-BAM (PC), 2021 WL 1264636, at *9 (E.D. Cal. Apr. 6, 2021). Moreover, strip searches that are excessive, vindictive, harassing, or unrelated to a legitimate penological interest may also be unconstitutional. Michenfelder, 860 F.2d at 332.

None of Plaintiff's claims of assault or poor prison conditions, as currently pled, implicate the Fourth Amendment. He does not allege, for example, an unreasonable strip search or violation of a privacy right protected under the Fourth Amendment.

**B. The Ninth Amendment:**

None of Plaintiff's citations to the Ninth Amendment state a claim. The Ninth Amendment states that "[t]he enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. Although it has been suggested that the Ninth Amendment safeguards rights that the first eight amendments do not articulate, the Ninth Amendment has never been recognized as independently securing any right for the purposes of a civil rights action. See, e.g., Nickler v. County of Clark, 752 F. App'x 427, 429 (9th Cir. 2018); Davis v. Folsom Cordova Unified School Dist., 674 F. App'x 715, 718 (9th Cir. 2017); Faunce v. Gomez, 163 F.3d 605, *1 (1998); Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986). Allegations premised on the Ninth Amendment fail to state a claim. See, e.g., Ponce v. Hanford Police Dep't K-9 Unit, No. 1:21-cv-1045-DAD-BAM, 2021 WL 3488503, at *4 (E.D. Cal. Aug. 9, 2021); see also Strandberg, 791 F.2d at 748–49.

/ / /

/ / /

/ / /

/ / /

### C. The Thirteenth Amendment:

Plaintiff does not state a claim for dangerous living conditions against Defendant Diaz under the Thirteenth Amendment. The Thirteenth Amendment abolished slavery in the United States. U.S. Const. amend. XIII. It also prohibits involuntary servitude except as punishment for conviction of criminal offense. Id. Plaintiff does not challenge or allege unconstitutional involuntary servitude. Cf. Brown v. Rasley, No. 1:13–cv–02084–AWI–BAM (PC), 2017 WL 6344424, at *6 (E.D. Cal. Dec. 12. 2017).

### D. The Fifth Amendment:

Insofar as Plaintiff raises due process claims against CDCR officials, he may not do so under the Fifth Amendment. The Fifth Amendment's Due Process Clause restrains the federal government, not state actors. Peoples v. Schwarzenegger, 402 F. App'x 204, 205 (2010); Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). The *Fourteenth* Amendment, which Plaintiff also cites, secures due process from invasion by state officials. See Bingue, 512 F.3d at 1174; see also Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005). CDCR officials are state actors.

### E. Fourteenth Amendment Due Process Claims:

The Fourteenth Amendment's Due Process Clause protects against deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. State action violates the Fourteenth Amendment if it deprives a person "of a constitutionally protected liberty or property interest" without affording satisfactory procedural protections. E.g., McQuillion v. Duncan, 306 F.3d 895, 900 (9th Cir. 2002). At base, the Due Process Clause encompasses a promise of fair procedure. See, e.g., Zinermon v. Burch, 494 U.S. 113, 125 (1990).

In the context of procedural due process claims, it is not a deprivation itself that is unlawful. Id. Rather, as implied above, what becomes unconstitutional is deprivation of a liberty or property interest with sufficient due process. Id.; see S.B. by and through Kristina B. v. Cal. Dep't of Educ., 327 F. Supp. 3d 1218, 1247 (E.D. Cal. 2018). The violation actionable under § 1983 is thus not complete at the time of a deprivation, but when the State fails to provide due process. Zinermon, 494 U.S. at 126. Thus, in order to establish a procedural due process claim, plaintiffs must show (1) a protected liberty or property interest (2) that the government deprived (3) without

7

adequate "process." E.g., Hotop v. City of San Jose, 982 F.3d 710, 718 (9th Cir. 2020); Shanks v. Dressel, 540 F.3d 1082, 1090 (9th Cir. 2008); Brewster v. Board of Educ., 149 F.3d 971, 983 (9th Cir. 1998). Once the Court determines that a protected interest has been deprived, the question becomes what procedures satisfy "due process of law." E.g., Lavan v. City of Los Angeles, 693 F.3d 1022, 1031 (9th Cir. 2012); Brewster, 149 F.3d at 983.

As discussed below, however, Plaintiff has not established a threshold due process claims regarding prison grievance procedures or the alleged theft of his property. The Court thus forgoes any lengthy Fourteenth Amendment analysis.

**i. Plaintiff's Property:**

Property is facially a protected interest under the Due Process Clause. U.S. Const. amend. XIV, § 1. Deprivation of a property interest without due process of law is actionable under § 1983. See Hotop, 982 F.3d at 718; Brewster, 149 F.3d at 983.

As stated in the Court's previous screening order, however, there is no cognizable § 1983 claim for deprivation of a property interest if the state provides an adequate post-deprivation remedy. See, e.g., Zinermon, 494 U.S. at 129–32; Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also ECF No. at 5. California law, through the Government Claims Act, provides an adequate post-deprivation remedy for property deprivations. E.g., Barnett, 31 F.3d at 816–17; see also Nible v. Fink, 828 F. App'x 463, 464 (9th Cir. 2020); Maraglino v. Espinosa, 796 F. App'x 451, 451 (9th Cir. 2020); Burton v. Burton, No. 2:20-cv-02395-JDP (PC), 2021 WL 352148, at *1 (E.D. Cal. Feb. 2, 2021); Holt v. Alvarado, 1:19-cv-00930-NONE-GSA-PC, 2020 WL 4922378, at *7 (E.D. Cal. Aug. 21, 2020).

California offers Plaintiff an adequate post-deprivation remedy for the alleged taking of his property like hearings aids and stamps. See Barnett, 31 F.3d at 816–17; Nible, 828 F. App'x at 464. His due process claim cannot proceed.

///

///

**ii. Administrative Grievances:**

Where Plaintiff challenges, for example, the delays and rejections of his grievances, Plaintiff cannot state a due process claim. He has no independent due process rights regarding grievances or a particular grievance procedure.

It is well-established that prisoners possess a First Amendment right to file grievances. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). And prisoners do not lose all their due process protections while incarcerated. E.g., Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); see Chappell v. Mandeville, 706 F.3d 1052, 1062–63 (9th Cir. 2013). But prisoners have no entitlement to a particular grievance procedure. See Ramirez, 334 F.3d at 860; see also Garcia v. Seeley, 854 F. App'x 882, 883 (9th Cir. 2021); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison's grievance procedure is a procedural right only. E.g., Holt v. Alvarado, No. 1:19-cv-00930-NONE-GSA-PC, 2020 WL 4922378, at *5 (E.D. Cal. Aug. 21, 2020); Johnson v. Felker, No. 2:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013); see Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Woolery v. Shasta Cty. Jail, No. 2:21-cv-0166 DB P, 2021 WL 1946512, at *4 (May 14, 2021). It does not confer any substantive right upon prisoners. Woolery, 2021 WL 1946512, at *4. Even the nonexistence of, officials' failure to properly facilitate, an appeals process within a prison does not raise due process issues. See, e.g., id.; Johnson, 2013 WL 6243280, at *6.

Even though Plaintiff challenges rejections and delays of his grievances, his claim fails. Challenges to the adequacy of a prison's administrative remedy process, as stated, do not establish a claim. E.g., Ramirez, 334 F.3d at 860; Mann, 855 F.3d at 640. A standalone claim based upon deprivation of a grievance procedure fails. E.g., Woolery, 2021 WL 1946512, at *4.

## IV. CONCLUSION

Because it is possible that some of the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

1  amend, all claims alleged in the original complaint which are not alleged in the amended complaint
2  are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if Plaintiff amends
3  the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended
4  complaint complete. See Local Rule 220. An amended complaint must be complete in itself without
5  reference to any prior pleading. See id.

6  If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the
7  conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis
8  v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each
9  named defendant is involved and must set forth some affirmative link or connection between each
10 defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
11 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12 Because some of the defects identified in this order cannot be cured by amendment,
13 Plaintiff is not entitled to leave to amend as to such claims. Plaintiff, therefore, now has the
14 following choices: (1) Plaintiff may file an amended complaint which does not allege the claims
15 identified herein as incurable, in which case such claims will be deemed abandoned and the Court
16 will address the remaining claims; or (2) Plaintiff may file an amended complaint which continues
17 to allege claims identified as incurable, in which case the Court will issue findings and
18 recommendations that such claims be dismissed from this action, as well as such other orders and/or
19 findings and recommendations as may be necessary to address the remaining claims.

20 Finally, Plaintiff is warned that failure to file an amended complaint within the time
21 provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260–
22 61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with
23 Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b). *See*
24 Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

25 / / /
26 / / /
27 / / /
28 / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 12) is dismissed with leave to amend.

2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

3. The Clerk of the Court is directed to send Plaintiff a copy of the Court's first screening order (ECF No. 11) alongside a copy of the present order.

Dated: August 26, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE