IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND, | No. 2:20-CV-0715-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| DEREK COX, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's second amended complaint, ECF No. 15.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1  complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it
2  rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege
3  with at least some degree of particularity overt acts by specific defendants which support the
4  claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
5  impossible for the Court to conduct the screening required by law when the allegations are vague
6  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following defendants: (1) Derek Cox, a correctional officer at High Desert State Prison ("HDSP"); (2) C. Reynolds, a sergeant at HDSP; (3) F. Rodriquez, a correctional officer at HDSP; (4) H. Van Radar, a correctional officer at HDSP; (5) Anaya, a correctional officer at HDSP; (6) Patricha Rose, a psychiatric technician ("PT") at HDSP; (7) Parker, a PT at HDSP; and (8) D. Neland, a PT at HDSP. ECF No. 15, pgs. 1-2.  Plaintiff alleges three claims against the above Defendants.

First, Plaintiff alleges a violation of the Eight Amendment where "Defendants Derek Cox, F. Rodriguez, H. Van Radar, and Anaya battered Plaintiff (Pltf) while he suffered a seizure." Id. at 3.  Plaintiff suffered a "busted lip, broken tooth, regression of agoraphobia, regression of P.T.S.D., etc." Id.

Second, Plaintiff alleges a violation of the Eighth Amendment where "Defendants C. Reynolds, Patricha Rose, Parker, and D. Neland all stood by and watched Defendants Derek Cox, F. Rodriguez, H. Van Radar, and Anaya batter Pltf. and did nothing to intervene nor otherwise as their co-workers battered Pltf." Id. at 4. Plaintiff suffered a "busted lip, broken tooth, regression in mental health, nightmares, fear of safety, etc." Id.

Third, Plaintiff alleges a Fourteenth Amendment violation where:

> Pltf. was issued a Rules Violation Report for allegedly biting Defendant Derek Cox's (R) index finger while having a seizure; Pltf. was never issued/or given said RVR by any officer/Defendant(s), nor otherwise, Pltf. was not noticed of said RVR, and was not given the opportunity to attend said RVR hearing, and only found out about said RVR and the results until after the fact when Pltf. was at a re-classification committee and was told that he was found guilty of said RVR and that he was going to be given a

2

1 | SHU term and possibly criminally prosecuted.

2 | Id. at 5.

3 | "Pltf. was/is being criminally prosecuted in Lassen County Superior Court, case
4 | No.: CHO38324." Id. This is an apparent due process claim related to the RVR.

## II. DISCUSSION

All of Plaintiff's Eighth Amendment claims are cognizable as to each named defendant. However, Plaintiff's Fourteenth Amendment claim is not cognizable. Plaintiff has failed to adequately link a named defendant with the Fourteenth Amendment due process violation.

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff fails to allege a violation against any particular defendant for the Fourteenth Amendment claim, apparently arising under the Due Process Clause. Plaintiff's only mention of a particular defendant occurs when he states that he was issued a Rules Violation Report ("RVR") for allegedly biting Defendant Cox's finger. Plaintiff also mentions the Defendants in general where he states that he "was never issued/or given said RVR by any officer/Defendant(s)." Plaintiff's Fourteenth Amendment claim is deficient as he does not allege that anyone is liable for that claim. Should Plaintiff choose to amend, he should include in his

third amended complaint the name of the person(s) he seeks to hold liable for this claim and facts that demonstrate that said person(s) violated his rights.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a third amended complaint within 30 days of the date of service of this order.

Dated:  October 27, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE