IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA BLAND,<br><br>          Plaintiff,<br><br>     v.<br><br>DEREK COX, et al.,<br><br>          Defendants. | No.  2:20-CV-0715-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

On October 27, 2021, the Court issued an order addressing Plaintiff's second amended complaint. See ECF No. 17. The Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following defendants: (1) Derek Cox, a correctional officer at High Desert State Prison ("HDSP"); (2) C. Reynolds, a sergeant at HDSP; (3) F. Rodriquez, a correctional officer at HDSP; (4) H. Van Radar, a correctional officer at HDSP; (5) Anaya, a correctional officer at HDSP; (6) Patricha Rose, a psychiatric technician ("PT") at HDSP; (7) Parker, a PT at HDSP; and (8) D. Neland, a PT at HDSP.  ECF No. 15, pgs. 1-2.  Plaintiff alleges three claims against the above Defendants.
> 
> First, Plaintiff alleges a violation of the Eight Amendment where "Defendants Derek Cox, F. Rodriguez, H. Van Radar, and Anaya battered Plaintiff (Pltf) while he suffered a seizure." Id. at 3.  Plaintiff suffered a "busted lip, broken tooth, regression of agoraphobia, regression of P.T.S.D., etc." Id.

///

Second, Plaintiff alleges a violation of the Eighth Amendment where "Defendants C. Reynolds, Patricha Rose, Parker, and D. Neland all stood by and watched Defendants Derek Cox, F. Rodriguez, H. Van Radar, and Anaya batter Pltf. and did nothing to intervene nor otherwise as their co-workers battered Pltf." Id. at 4. Plaintiff suffered a "busted lip, broken tooth, regression in mental health, nightmares, fear of safety, etc." Id.

Third, Plaintiff alleges a Fourteenth Amendment violation where:

> Pltf. was issued a Rules Violation Report for allegedly biting Defendant Derek Cox's (R) index finger while having a seizure; Pltf. was never issued/or given said RVR by any officer/Defendant(s), nor otherwise, Pltf. was not noticed of said RVR, and was not given the opportunity to attend said RVR hearing, and only found out about said RVR and the results until after the fact when Pltf. was at a re-classification committee and was told that he was found guilty of said RVR and that he was going to be given a SHU term and possibly criminally prosecuted.

Id. at 5.

"Pltf. was/is being criminally prosecuted in Lassen County Superior Court, case No.: CHO38324." Id. This is an apparent due process claim related to the RVR.

ECF No. 17, pgs. 2-3.

The Court concluded that Plaintiff's Eighth Amendment claims against all named defendants are cognizable. See id. at 3. The Court, however, found that Plaintiff's Fourteenth Amendment claim is not cognizable as against any defendant. See id. at 3-4. Plaintiff was provided an opportunity to amend as to his Fourteenth Amendment claim and cautioned that, if he failed to file a third amended complaint within the time provided therefor, the action would proceed on Plaintiff's Eighth Amendment claims only, as alleged in the second amended complaint. See id. at 4. On December 13, 2021, the Court granted Plaintiff a 30-day extension of time to file a third amended complaint. See ECF No. 20. To date, Plaintiff has not filed a third amended complaint. The Court, therefore, recommends that Plaintiff's Fourteenth Amendment claim be dismissed.

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that:

    1.    Plaintiff's Fourteenth Amendment claim be dismissed for failure to state a claim; and

    2.    This action proceed on the second amended complaint on Plaintiff's Eighth Amendment claims against all named defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 31, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE