1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JOSHUA BLAND,                          No.  2:20-CV-0715-WBS-DMC-P

12                 Plaintiff,

13        v.                               FINDINGS AND RECOMMENDATIONS

14  DEREK COX, et al.,

15                 Defendants.

16

17          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18  42 U.S.C. § 1983.  Pending before the Court are Plaintiff's motions for injunctive relief.  See ECF

19  Nos. 46 and 47.

20          The legal principles applicable to requests for injunctive relief, such as a

21  temporary restraining order or preliminary injunction, are well established.  To prevail, the

22  moving party must show that irreparable injury is likely in the absence of an injunction.  See

23  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res.

24  Def. Council, Inc., 129 S.Ct. 365 (2008)).  When a mandatory injunction is sought – one that goes

25  beyond simply maintaining the status quo during litigation – the moving party bears a "doubly

26  demanding" burden and must establish that the law and facts clearly supports injunctive relief.

27  See Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (en banc).  Mandatory injunctions

28  are "particularly disfavored" and "should not issue in doubtful cases."  Id. (internal quotations

1

1    omitted).

2            To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely

3    on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."

4    Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009).  Under

5    Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits;

6    (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of

7    hardships tips in his favor; and (4) an injunction is in the public interest.  See Stormans, 586 F.3d

8    at 1127 (citing Winter, 129 S.Ct. at 374).  The Ninth Circuit also recognizes an additional

9    standard: "if a plaintiff can only show that there are 'serious questions going to the merits' – a

10   lesser showing than likelihood of success on the merits – then a preliminary injunction may still

11   issue if the 'balance of hardships tips sharply in the plaintiff's favor, and the other two Winter

12   factors are satisfied.'"  See Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281, 1291 (9th Cir.

13   2013) (quoting Alliance for the Wild Rockies v. Cottress, 632 F.3d 1127, 1135 (9th Cir. 2011)).

14           To prevail on a motion for injunctive relief, "there must be a relationship between

15   the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying

16   complaint."  Pac. Radiation Oncology, LLC v. Queen's Medical Ctr., 810 F.3d 631, 636 (9th Cir.

17   2015).  Thus, there must be a nexus between the claims raised in the motion and the claims in the

18   underlying complaint itself.  See id.  This nexus is satisfied where the preliminary injunction

19   would grant "relief of the same character as that which may be granted finally."  See id. (quoting

20   De Beers Consol. Mines, 325 U.S. 212, 220 (1945)).

21           The Court cannot issue an order against individuals who are not parties to the

22   action.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

23   Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the

24   prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is

25   some evidence of an expectation of being transferred back.  See Preiser v. Newkirk, 422 U.S.

26   395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).  Finally,

27   pursuant to the Prison Litigation Reform Act, any injunction with respect to prison conditions

28   "must be narrowly drawn, extend no further than necessary to correct the harm the court finds

2

1   requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18

2   U.S.C. § 3626(a)(2); see also Wonnacott v. Heehn, 2021 WL 970453 (D. Oregon 2021).

3          In his motions, Plaintiff claims that, since being transferred to a different prison in

4   April 2025, prison officials have not allowed Plaintiff to access his legal papers, legal books, and

5   typewriter.  See ECF Nos. 46 and 47.  Plaintiff seeks a court order directing prison officials at

6   Kern Valley State Prison to provide Plaintiff his property.  See id.  The Court finds that injunctive

7   relief is not warranted.  First, Plaintiff has not identified any irreparable harm stemming from

8   separation from his property.  Second, Plaintiff has not demonstrated any particular likelihood of

9   success on the merits of this case.  Finally, the Court cannot issue an order directed at unnamed

10  prison officials at Kern Valley State Prison who are not parties to the action.

11         Based on the foregoing, the undersigned recommends that Plaintiff's motions for

12  injunctive relief, ECF Nos. 46 and 47, be denied.

13         These findings and recommendations are submitted to the United States District

14  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

15  after being served with these findings and recommendations, any party may file written objections

16  with the Court.  Responses to objections shall be filed within 14 days after service of objections.

17  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

18  Ylst, 951 F.2d 1153 (9th Cir. 1991).

19

20  Dated:  July 3, 2025

21  _____

22  DENNIS M. COTA
    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

3